| | |
|---|---|
| **SUN PHARMA GLOBAL FZE,** : | : **UNITED STATES DISTRICT COURT** |
| Plaintiff, : | **DISTRICT OF NEW JERSEY** |
| v. : | Hon. Dennis M. Cavanaugh |
| : | Civil Action No. 13-3542 |
| **NOVARTIS PHARMACEUTICALS** : | |
| **CORPORATION and NOVARTIS AG,** : | **PRETRIAL SCHEDULING ORDER** |
| Defendants. : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on October 9, 2013; and for good cause shown:

**IT IS on this 9th day of October, 2013**

**ORDERED THAT:**

## I.   DISCLOSURES

1. Fed.R.Civ.P. 26 disclosures have already been exchanged by the parties.

## II.   SCHEDULING

2. The last day for the parties to file a protective order pursuant to L.Pat.R. 2.2 is **October 31, 2013**.

3. The last day to disclose asserted claims pursuant to L.Pat.R. 3.6 (b) shall be **December 2, 2013**.

4. The last day to disclose invalidity and non-infringement contentions pursuant to L.Pat.R. 3.6(c) and (e) shall be **December 9, 2013**.

5. The last day to disclose infringement contentions and to respond to invalidity contentions pursuant to L.Pat.R. 3.6 (g) and (i) shall be **January 23, 2014**.

Exchange of Proposed Terms for Construction

6. Not later than **February 6, 2014**, each party shall exchange proposed terms for claim

construction pursuant to L.Pat.R. 4.1(a).  The parties shall thereafter meet and confer to limit the disputed claim terms and facilitate the ultimate preparation of a Joint Claim Construction and Prehearing Statement, in accordance with L.Pat.R. 4.1(b).

Exchange of Preliminary Claim Constructions and Extrinsic Evidence

7. Not later than **February 27, 2014**, the parties shall simultaneously exchange preliminary proposed claim constructions and supporting evidence, in accordance with L.Pat.R. 4.2(a) and (b).

8. The parties shall identify intrinsic and extrinsic evidence they intend to rely on in opposition to the other party's proposed claim construction by **March 13, 2014**.  The parties shall thereafter meet and confer to narrow claim construction issues and finalize preparation of the Joint Claim Construction and Prehearing Statement, in accordance with L.Pat.R. 4.2(c).

9. Not later than **March 31, 2014**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement and accompanying documents, in accordance with L.Pat.R. 4.3.

10. By **April 30, 2014**, the parties shall complete all discovery relating to claim construction, including any deposition with respect to claim construction of any witnesses, other than experts, identified in the Preliminary Claim Construction statement or Joint Claim Construction Statement.

Claim Construction Submissions

11. By **May 15, 2014**, the parties shall contemporaneously exchange and serve their opening *Markman* briefs and any evidence supporting claim construction, including expert' certifications or declarations in accordance with L.Pat.R. 4.5(a).

12. By **June 16, 2014**, any discovery from an expert witness who submitted a certification or declaration shall be concluded, in accordance with L.Pat.R. 4.5(b).

13. Not later than **July 14, 2014**, the parties shall contemporaneously exchange and file responding *Markman* briefs and any evidence supporting claim construction, including any responding experts' certifications or declarations, in accordance with L.Pat.R. 4.5(c).

14. By **July 28, 2014**, the parties shall confer in accordance with L.Pat.R. 4.6 to propose to the Court a schedule for a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

15. The Court will thereafter convene a conference to address scheduling and protocol for claim construction.

Discovery and Motion Practice

16. As discussed during the Initial Conference, Plaintiff is directed to produce its samples to Defendant no later than **October 31, 2013**.

17. Any motions to join parties or amend pleadings, whether by third-party complaint or amended pleadings, shall be made by **May 9, 2014** and shall be made returnable on **June 2, 2014**.

18. All fact discovery shall be complete by **August 5, 2014**.

19. Counsel shall confer in good faith to attempt to informally resolve any and all discovery disputes prior to seeking Court intervention.  In the event the parties are unable to informally resolve their disputes, the matter shall immediately be brought to the Court's attention by letter, telephone call, or facsimile.  *See* L.Civ.R. 16.1(f)(1).  No formal discovery motion shall be filed without prior leave of Court.

20. Dispositive motions in this matter shall be filed no later than **January 9, 2015**. Opposition briefs to dispositive motions shall be due by **February 9, 2015** with any reply briefing to be filed by **February 23, 2015**.

### III.     EXPERTS

21. All expert reports on behalf of the party having the burden of proof on the issue shall be delivered by **October 1, 2014**.

22. All rebuttal expert reports shall be delivered by **November 3, 2014**.

23. All reply reports shall be delivered by **November 20, 2014**.  Such reports shall be limited to secondary considerations of non-obviousness unless upon a showing of good cause to address issues not raised in opening reports.

24. All expert discovery shall be completed by **January 5, 2015**.

### IV.     FINAL PRETRIAL CONFERENCE

25. A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on **March 4, 2015**.

26. The parties' final pretrial order shall be due by **February 27, 2015**.

## V.     TRIAL

27. The trial of this matter shall commence on **March 16, 2015**.

## VI.    FUTURE CONFERENCES

28. There shall be quarterly status telephone conference before the undersigned on the following dates:

> **Thursday, January 9, 2014 at 11:00 A.M.**
> **Thursday, April 10, 2014 at 10:00 A.M.**
> **Thursday, July 10, 2014 at 10:00 A.M.**
> **Thursday, October 9, 2014 at 10:00 A.M.**

   Counsel for Plaintiff shall initiate each of the above conference calls.

29. The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

30. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority are required to appear in-person at the conference. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

## VII.   MICSELLANEOUS

31. If a party seeks to file information under seal, the party shall: (1) refer to Local Civil Rule 5.3(c); and (2) contact the Chambers of the undersigned for instructions regarding the format for presenting such a motion.  The parties are reminded that the Local Civil Rules contemplate that the sealing of materials will be done in the least restrictive means available.  *See* L.Civ.R. 5.3(c)(2).  As a result, the Court will *not*, absent extreme circumstances, seal lengthy documents in their entirety.

32. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extension except for good cause shown and by leave of Court, even with the consent of counsel.

33. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action.  Any such communication that does not recite or contain a certification of such service may be disregarded by the Court.

**FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**